NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210529-U

NO. 4-21-0529

IN THE APPELLATE COURT

FILED
May 20, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| LES DAVIS II, | ) | No. 16CF1312 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John M. Madonia, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err in dismissing defendant's claim of actual innocence at the second stage of postconviction proceedings.

¶ 2    Defendant, Les Davis II, appeals from the trial court's dismissal of his claim of actual innocence at the second stage of postconviction proceedings. Defendant argues he made a substantial showing of actual innocence based on newly discovered evidence in the form of a written statement by his sister, Allison Davis. We affirm.

¶ 3    I. BACKGROUND

¶ 4    The State charged defendant by information with unlawful possession of a weapon by a felon (count I) (720 ILCS 5/24-1.1(a) (West 2014)) and being an armed habitual criminal (count II) (720 ILCS 5/24-1.7(a) (West 2014)), alleging that "on or about October 17,

2016," he knowingly possessed a "Remington 870 Express Magnum shotgun" after having previously been convicted of "Residential Burglary (720 ILCS 5/19-3(a-5)) in Sangamon County case number 12-CF-699 and Unlawful Possession of a Weapon by a Felon (720 ILCS 5/24-1.1(a)) in Sangamon County case number 12-CF-986 ***."

¶ 5        Defendant's case proceeded to a jury trial in August 2017. We will briefly discuss the evidence presented that is relevant to the issue before us. For a more complete discussion of the evidence, see this court's unpublished order in *People v. Davis II*, 2020 IL App (4th) 180093-U.

¶ 6        Defendant's mother, Crystal Allison (Crystal), testified that, at the time of the incident, defendant lived with her in the basement of the house she rented. Defendant's sister, Allison Davis (Davis), was also named on the lease, and she and her daughter lived in the house as well. *Id.* ¶ 13. According to Crystal, on the evening of October 17, 2016, she was at home with her boyfriend, Davis, and defendant. *Id.* At some point, defendant got into a fight with Crystal and her boyfriend that ultimately escalated to the point of defendant throwing a brick at Crystal's boyfriend. *Id.* Crystal testified she was scared so she left the property with Davis and Davis's daughter. *Id.* ¶ 14. As they were driving away, Crystal observed defendant "sitting on the porch with [a] gun in his lap." *Id.* Crystal elaborated that the firearm "was pretty long *** like a shotgun." *Id.* Officer Jeffrey Paoletti testified that when he later conducted a search of the house, he discovered a loaded "Remington 870 Express Magnum 20-gauge" shotgun in the basement near a bed and some men's clothing. *Id.* ¶ 18.

¶ 7        The jury found defendant guilty of both counts, and he was subsequently sentenced to seven years' imprisonment. *Id.* ¶¶ 20-22. We affirmed defendant's conviction on direct appeal. See *id.* ¶ 1.

¶ 8          In October 2020, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). Defendant raised a claim of actual innocence based on newly discovered evidence and a claim of ineffective assistance of appellate counsel for failing to raise an alleged sentencing error on direct appeal. The ineffective assistance claim is not at issue in the present appeal. With respect to the actual innocence claim, defendant alleged the following:

> "Petitioner claims actual innocence based on newly discovered evidence. Attached to this petition you will find a written statement from [Allison] Davis which she announce [*sic*] being present on 10-17-16 the date defendant allegedly possessed a firearm.
>
> During defendant's trial the only witness to testify that defendant allegedly possessed a firearm stated [Allison] Davis was present the ex[]act moment she allegedly saw the defendant with a firearm. [Allison] Davis [*sic*] written statement as a witness to the alleged incident is newly discovered evidence."

Defendant attached an undated, notarized statement written by Davis. In the statement, Davis asserts, "My mother *** thought what she saw looked like a gun. But how so it was really dark that night. [Defendant] never had a gun. My mother panic [*sic*] and over exaggerated the situation."

¶ 9          In February 2021, after more than 90 days had elapsed following the filing of defendant's petition, the trial court advanced it to the second stage of proceedings and appointed counsel. In March, the State filed a motion to dismiss the petition, arguing Davis's statement did not constitute newly discovered evidence. Defendant, through counsel, subsequently filed an addendum to his petition in which he alleged he was under the influence of "Alprazolam and

Lysergic Acid Diethylamide" at the time of the incident and was not aware Davis had witnessed it. Defendant also filed an affidavit averring he was under the influence of drugs at the relevant time, making it "unknown to me up until the day of trial I encountered with the person that has now come fourth [*sic*] as a witness on my behalf."

¶ 10 Following a hearing, the trial court granted the State's motion to dismiss with respect to the actual-innocence claim. The court found that "[d]efendant's purported 'newly discovered evidence' was clearly available to, and could have been discovered by defendant, through the exercise of due diligence prior to selecting a jury in his cause." The trial court advanced defendant's ineffective-assistance claim to the third stage and granted defendant sentencing relief following an evidentiary hearing.

¶ 11 This appeal followed.

¶ 12       II. ANALYSIS

¶ 13 Defendant argues the trial court erred in granting the State's motion to dismiss because he made a substantial showing of actual innocence based on the affidavit of his sister. A dismissal at the second stage of postconviction proceedings is reviewed *de novo*. See, *e.g.*, *People v. Rivera*, 2016 IL App (1st) 132573, ¶ 19.

¶ 14 The Act provides a three-stage procedure whereby a criminal defendant may assert his conviction resulted from a substantial denial of his constitutional rights. *People v. Petrenko*, 237 Ill. 2d 490, 495-96 (2010). At the second stage of proceedings, an indigent defendant may be appointed counsel and the State may file a motion to dismiss the petition. *People v. Domagala*, 2013 IL 113688, ¶ 33. To avoid dismissal at this stage, the defendant "bears the burden of making a substantial showing of a constitutional violation." *Id.* ¶ 35. The court must accept all well-pleaded facts not positively rebutted by the record as true and is

prohibited from engaging in fact-finding or making credibility determinations. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998). Thus, "a motion to dismiss raises the sole issue of whether the petition being attacked is proper as a matter of law." *Id.*

¶ 15        A postconviction proceeding is a collateral proceeding rather than an appeal of the underlying judgment, meaning "issues that were raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata* [and] issues that could have been raised, but were not, are considered [forfeited]." (Internal quotation marks omitted.) *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). However, the Illinois Constitution affords criminal defendants the right to raise a claim of actual innocence based on newly discovered evidence at any time. *Id.* at 331-32. Our supreme court has articulated what is required to succeed on such a claim:

> "Substantively, in order to succeed on a claim of actual innocence, the defendant must present new, material, noncumulative evidence that is so conclusive it would probably change the result on retrial. [Citation.] New means the evidence was discovered after trial and could not have been discovered earlier through the exercise of due diligence. [Citation.] Material means the evidence is relevant and probative of the petitioner's innocence. [Citation.] Noncumulative means the evidence adds to what the jury heard. [Citation.] And conclusive means the evidence, when considered along with the trial evidence, would probably lead to a different result." *People v. Coleman*, 2013 IL 113307, ¶ 96; see also *People v. Sanders*, 2016 IL 118123, ¶ 47 ("We must be able to find that petitioner's new evidence is so conclusive that it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt.").

¶ 16 Here, defendant contends he made a substantial showing of actual innocence based on newly discovered evidence in the form of Davis's written statement. He asserts the evidence is newly discovered because, although he knew Davis was at the house on October 17, 2016, "he was not aware that she had a view of him when he was on the porch because it was not mentioned in Crystal's testimony or any of the police reports or police testimony, and he was impaired by his drug ingestion." Thus, according to defendant, "prior to [Davis] coming forward with the information in her affidavit, there would have been no reason for [him] to seek her out." Defendant's argument is without merit.

¶ 17 As stated above, new evidence "means the evidence was discovered after trial and could not have been discovered earlier through the exercise of due diligence." *Coleman*, 2013 IL 113307, ¶ 96. Here, however, defendant explicitly acknowledged in his petition and again on appeal that he was aware Davis was present at the house at the relevant time. Thus, by definition, Davis's statement cannot be considered new evidence because the fact she was present at the house, regardless of her vantage point at the time defendant possessed a firearm, was not evidence discovered after trial. We reject defendant's contention that there was no reason for him "to seek her out." If, prior to trial, defendant was aware another witness was present, which he was, it behooved him to investigate whether the witness possessed exculpatory evidence. Due diligence required defendant to investigate Davis as soon as he learned she was present. His failure to do so establishes a lack of due diligence on his part. Therefore, we agree with the trial court that Davis's statement does not constitute newly discovered evidence, and the court was correct to dismiss defendant's actual-innocence claim. See *id.* Because we determine Davis's statement was not newly discovered evidence, we find it unnecessary to address defendant's additional arguments that the statement was also material, noncumulative, and conclusive.

¶ 18                          III. CONCLUSION

¶ 19          For the reasons stated, we affirm the trial court's judgment.

¶ 20          Affirmed.