NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220477-U

NO. 4-22-0477

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| LES DAVIS II, | ) | No. 16CF1312 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John M. Madonia, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err in denying defendant's motion for leave to file a successive postconviction petition.

¶ 2    Defendant, Les Davis II, appeals from the trial court's order denying his motion for leave to file a successive postconviction petition. On appeal, defendant argues the court erred in denying his motion because he satisfied the cause and prejudice test. We disagree and affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In 2017, the State charged defendant with unlawful possession of a weapon by a felon (count I) (720 ILCS 5/24-1.1(a) (West 2014)) and being an armed habitual criminal (count II) (*id.* § 24-1.7(a)). With respect to count II, the State alleged defendant possessed a firearm in October 2016 after having been convicted of the felony offenses of residential burglary in

Sangamon County case No. 12-CF-699 and unlawful possession of a weapon by a felon in Sangamon County case No. 12-CF-986. A jury found defendant guilty of both counts and, after merging count I into count II, the trial court sentenced him to seven years' imprisonment. This court affirmed the trial court's judgment on direct appeal. *People v. Davis*, 2020 IL App (4th) 180093-U.

¶ 5            In October 2020, defendant filed his initial petition for postconviction relief. He raised a claim of actual innocence based on newly discovered evidence and further argued he was entitled to additional sentencing credit. The trial court dismissed the actual-innocence claim but granted defendant additional sentencing credit following an evidentiary hearing. Defendant appealed from the dismissal of his actual-innocence claim, and this court affirmed the trial court's judgment. See *People v. Davis*, 2022 IL App (4th) 210529-U.

¶ 6            In September 2021, defendant filed a *pro se* petition for *habeas corpus* relief. Citing *People v. Williams*, 2020 IL App (1st) 190414, he argued that because he was 17 years old when he committed the offense of residential burglary, that conviction could not serve as one of the predicate convictions under the armed habitual criminal statute. The trial court denied the petition, and defendant appealed. This court affirmed the trial court's judgment on appeal. See *People v. Davis*, 2022 IL App (4th) 210681-U, ¶ 21. We found the petition insufficient on its face and further found the claim failed on its merits. *Id.* ¶¶ 15, 17. Specifically, we noted that we have declined to follow the *Williams* case and, in *People v. Irrelevant*, 2021 IL App (4th) 200626, ¶¶ 26-39, even rejected the precise claim defendant raised in his petition. *Davis*, 2022 IL App (4th) 210681-U, ¶ 17.

¶ 7            In December 2021, defendant filed the instant motion for leave to file a successive postconviction petition. Defendant again argued, in relevant part, his armed habitual criminal

conviction must be vacated because he committed one of the predicate offenses while still a minor. According to defendant, had he committed residential burglary in 2016 at the age of 17, the case would have been treated as a juvenile adjudication and would not be considered a conviction. He asserted he had established cause for failing to include this claim in his initial postconviction petition because the authority upon which he relies, *Williams*, was not decided until November 20, 2020, which was after he had filed his initial petition. Defendant alleged he asked his postconviction counsel to include the claim in an amended petition, but counsel failed to do so. He asserted prejudice arose from his "claim not being brought before the court, depriving [him of] his right to due process." On April 26, 2022, the trial court denied defendant's motion in a docket entry.

¶ 8        This appeal followed.

¶ 9                            II. ANALYSIS

¶ 10        On appeal, defendant argues the trial court erred in denying his motion for leave to file a successive postconviction petition. Specifically, he argues he established cause because the primary authority upon which he relies, *Williams*, was decided after he filed his initial postconviction petition, and postconviction counsel failed to raise the claim in an amended petition. Defendant contends he established prejudice because, today, his residential burglary conviction would be treated as a "juvenile adjudication," not a conviction, and therefore it could not serve as a predicate conviction for the offense of being an armed habitual criminal. "This court reviews *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition." *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 38.

¶ 11        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a remedy for criminal defendants who claim their conviction or sentence resulted from

a substantial denial of their constitutional rights. See, *e.g.*, *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). "[T]he Act contemplates the filing of only one post-conviction petition." *Id.* at 456. Thus, "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *Id.* An exception to the procedural bar against successive petitions, relevant to the instant appeal, is satisfaction of the "cause-and-prejudice" test. *Id.* at 459. "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in an earlier proceeding." (Internal quotation marks omitted.) *Id.* at 460. "Prejudice" can be established by showing the claim at issue "so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f)(2) (West 2020).

> "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35.

¶ 12        Here, even assuming, *arguendo*, defendant can show cause for his failure to include this claim in his initial postconviction petition, he is unable to establish prejudice. In *Irrelevant*, 2021 IL App (4th) 200626, ¶¶ 26-39, this court rejected the precise claim defendant raised here in his motion for leave to file a successive postconviction petition. Specifically, the defendant in *Irrelevant* argued "his conviction for his 1983 'burglary' could not have served as a predicate conviction under the armed habitual criminal statute because, had he committed the same offense in 2016 at the age of 17, it would have resulted in a juvenile adjudication." *Id.* ¶ 26. In rejecting the defendant's claim, we reasoned that because the Juvenile Court Act of 1987 (705

ILCS 405/5-805(3)(a) (West 2016)) authorized the discretionary transfer of a minor from the juvenile courts to the criminal courts, "it [was] speculative to assume [the] defendant would not have been subject to a discretionary transfer had he committed his 1983 offense in 2016 at the age of 17." *Irrelevant*, 2021 IL App (4th) 200626, ¶ 38. The holding in *Irrelevant* applies with equal force to the instant case. Since defendant can only speculate as to whether he would have been subject to a discretionary transfer had he committed residential burglary in 2016 at the age of 17, we must reject his argument that his residential burglary conviction cannot serve as a predicate conviction under the armed habitual criminal statute. Accordingly, as the claim defendant raises in his motion for leave to file a successive postconviction petition is without merit, he is unable to demonstrate prejudice, and the trial court did not err in denying the motion.

¶ 13                                   III. CONCLUSION

¶ 14          For the reasons stated, we affirm the trial court's judgment.

¶ 15          Affirmed.